IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| ARMANDO TREJO, JR., § § Plaintiff, § § v. § § US SENATE, *et al.*, § § Defendants. § § § § | Civil Action No. 1:23-CV-00067-H-BU |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Armando Trejo, Jr., brings this action against the U.S. Senate, U.S. House of Representatives, and President Joseph R. Biden, Jr. (collectively, "the Defendants"). The case is now before the Court due to Trejo's failure to comply with the Court's Order Requiring Service, Dkt. No. 21, requiring him to properly and timely serve the Defendants. For the reasons explained below, the undersigned RECOMMENDS that the Court DISMISS WITHOUT PREJUDICE Trejo's claims under Federal Rules of Civil Procedure 6(m) and 41(b).

### I. FACTUAL AND PROCEDURAL BACKGROUND

Trejo filed this action on March 31, 2023. Dkt. No. 1. Trejo's claims were automatically referred to the undersigned for pretrial management under Special Order 3-251. When he filed his Complaint, Trejo also filed a Motion requesting that the United States Marshals Service perform service of his claims. Dkt. No. 5. The Court denied Trejo's

Motion, reasoning that he had not demonstrated that service by a person authorized under Rule 4(c)(2) was unfeasible or that service by a marshal was necessary. Dkt. No. 8. The Court also noted that because Trejo was not proceeding *in forma pauperis*, he was, and still is, responsible for serving the Defendants. *See id.* at 2–3.

In June 2023, summonses were returned as executed upon the Defendants. Dkt. Nos. 10–12. In November, Trejo asked the Clerk to enter a default against each Defendant, and the Clerk did so. Dkt. Nos. 13–16. Two days later, the United States of America entered an appearance and filed a Notice of Deficient Service of Process. Dkt. No. 17. The next day, the Court found that Trejo had not complied with Federal Rule of Civil Procedure 4(i) and vacated the entries of default. Dkt. No. 18.

Several months went by without any activity. The Court then entered an Order to Show Cause requiring Trejo to explain why he had yet to serve the Defendants in accordance with the Federal Rules. Dkt. No. 19. Trejo filed a Response Dkt. No. 20, which prompted the Court to enter the Order Requiring Service on March 1, 2024. Dkt. No. 21. In that Order, the Court noted that much of Trejo's Response was not relevant to his failure to serve the Defendants properly. *Id.* at 1. Still, the Court provided Trejo with yet another opportunity to serve the Defendants, giving him until April 1, 2024, to effect service in a manner that complied with Rule 4(i). *Id.* at 2. The undersigned warned Trejo that his failure to do so would result in a recommendation that the Court dismiss his claims with or without prejudice. *Id.*

## II.  LEGAL STANDARDS

Rule 6(m) of the Federal Rules of Civil Procedure governs the time within which a plaintiff must serve a defendant. That Rule provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 6(m).

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action sua sponte for failure to comply with court orders or for failure to prosecute. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). A dismissal with prejudice is appropriate only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

## III.  ANALYSIS

Trejo failed to serve the Defendants within 90 days after he filed his Complaint. The Court then ordered Trejo to serve the Defendants within a specified time. Dkt. Nos. 18, 21. At no time did Trejo show good cause for his failure to serve the Defendants. Thus, his Complaint is subject to dismissal under Rule 6(m).

Additionally, the undersigned recommends dismissal under Rule 41(b) for two interrelated reasons: (1) Trejo's failure to prosecute his claim and (2) his failure to comply with this Court's Order Requiring Service. Dkt. No. 71. Starting with Trejo's failure to prosecute his claim, Trejo filed suit more than a year ago and has yet to serve the Defendants in a manner that complies with Rule 4(i). The Court has provided multiple references to Rule 4(i), yet Trejo has not adhered to that provision's simple instructions. This alone warrants dismissal under Rule 41(b). *See Veronica B. v. Comm's of Soc. Sec. Admin.*, No. 3:19-cv-1341-S-BT, 2019 WL 5967847, at *1 (N.D. Tex. Oct. 10, 2019) (collecting cases), *report & rec. adopted*, 2019 WL 5964486.

Dismissal is also warranted because of Trejo's failure to comply with this Court's Order Requiring Service, which gave him until April 1, 2024, to demonstrate that he has properly served the Defendants. That deadline has now expired without word from Trejo. This, too, serves as a ground for dismissal under Rule 41(b). *Veronica B.*, 2019 WL 5967847 at *2.

Still, the undersigned has no reason to believe that Trejo's failures to prosecute or show cause are the result of some improper motive. Thus, the undersigned recommends that the Court dismiss Trejo's claim without prejudice.

## IV.  CONCLUSION

For the reasons provided above, the undersigned RECOMMENDS that the Court DISMISS WITHOUT PREJUDICE Trejo's claims under Rules 4(m) and 41(b) for his failure to timely serve the Defendants, prosecute his case, and comply with this Court's orders.

## V.  RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 2nd day of April 2024.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE